## COURT OF APPEALS.

GRACE R. FERGUSON respondent agt. JAMES FERGUSON appellant.

Where a *return* to this court contained the *cases* made, upon which the first two verdicts upon the trials of the feigned issue ordered by the late Court of Chancery, were set aside, and new trials granted, and all the *evidence* embraced in those cases, in addition to the case, evidence and bill of exceptions upon the third trial, in which a final decree was ordered—*Held,* that such a return should not be *tolerated*. To allow it, would sanction a precedent which sets all form and order at defiance.

*September Term,* 1852. *Motion by respondent to dismiss the appeal in this action.* The facts of the case sufficiently appear in the opinion of the court.

> JAMES R. WHITING, *Attorney,* and
> —— ——, *Counsel for Respondent.*
> JAMES FERGUSON, *Attorney in person,* and
> —— ——, *Counsel for Appellant.*

By the Court, EDMONDS, J.—This was an action for divorce, commenced in the late Court of Chancery. A feigned issue was

awarded and three several trials of that issue were had, and on each trial the verdict was against the defendant. After the last verdict, the defendant moved for a new trial, which was denied by the Superior Court in New York and a decree entered awarding a divorce. From that decree the defendant now appeals, and in the return to the appeal, he has brought up the pleadings in the original suit, the feigned issue, the case on which the first verdict was set aside, and the bill of exceptions on which the court refused to set aside the third verdict. These several cases, and the bill of exceptions are nothing more than the judge's notes of the evidence given by the witnesses in the several trials.

In addition the return contains the opinion of the judge on granting the third new trial, and the opinion of the court denying the motion for a fourth new trial. It contains the feigned issue three times, and the judge's charge to the jury on each of the several trials, and several affidavits, certificates, letters and papers, which have nothing to do with the question before us, and which seem to have been introduced merely for the purpose of enabling the defendant to vent his ill humor against his wife's counsel.

Nothing could be more inartificial and irregular than the manner in which the return is made up, and a large mass of irrelevant matter is stuffed into it. In a printed book of 116 pages, at least 70 pages are filled with entirely irrelevant matter.

The return contains what purports to be a bill of exceptions on the last trial; but it has no other characteristic of a bill of exceptions than the conclusion and the judge's signature. Otherwise it is nothing more than the judge's minutes of the testimony given on the trial and his charge. Twenty-five printed pages are occupied with what might be stated in two or three.

The irregularity of the whole return is so gross that it can not safely be tolerated. To allow it would sanction a practice which sets all form and order at defiance.

The motion to dismiss the appeal ought, therefore, to be granted, but without prejudice to the defendant's appealing again, when he can get the record below in such a form as properly and orderly to present to us the questions of law, if there are any, on which this court can be required to pass.

The court order as follows:

A motion having been made to dismiss the appeal in this case, and having heard the counsel for the respective parties, it is ordered that the said motion be and the same is hereby granted, unless the appellant shall in forty days after notice of this order, cause a new return to the same to be filed with the clerk of this court, omitting the cases made upon which the first two verdicts upon the trials of the issues ordered by the late Court of Chancery in this suit were set aside and new trials granted, and all the evidence embraced in said cases, and pay to the respondent ten dollars costs of this motion; and in that event that the said appeal retain its present date with a view to its future place upon the calendar.